OPINION
{¶ 1} Plaintiff-appellant Mary Lou Hines appeals the April 10, 2003 Entry of the Perry County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Continental Casualty Company.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Jerry Hines was fatally injured as a result of an automobile accident occurring on December 21, 1986. The accident was caused by the negligent driving of Randall K. Hill, an underinsured motorist.
{¶ 3} At the time of the accident, Mr. Hines was an employee of The Kroger Company and was on his own personal business, i.e., he was not within the course and scope of his employment. Appellee insured The Kroger Company under a commercial auto policy.
{¶ 4} Appellant is Mr. Hines' mother and the administrator of his estate. Appellant has never been an employee of The Kroger Company. Mr. Hines' estate settled with Mr. Hill's insurance carrier for $50,000.
{¶ 5} Appellant filed her complaint against appellee and TIG Insurance Company,[1] seeking a declaration of the availability of underinsured motorist coverage under the commercial auto policy issued by appellee to The Kroger Company, pursuant to the Ohio Supreme Court decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. The parties moved for summary judgment. Via Entry filed April 10, 2003, the trial court granted appellee's motion for summary judgment. It is from that entry appellant prosecutes this appeal, assigning as error:
{¶ 6} "The trial court erred to the prejudice of plaintiff-appellant in denying his motion for summary judgment and in granting summary judgment in favor of defendant-appellee because the continental business auto policy provides underinsured motorist coverage by operation of law.
{¶ 7} "II. The trial court erred to the prejudice of plaintiff-appellant in denying his motion for summary judgment and in granting summary judgment in favor of defendant-appellee because plaintiff-appellant is an insured under the continental business auto policy."
 II
{¶ 8} We address this assignment of error first because we find its resolution to be dispositive of appellant's appeal.
{¶ 9} Subsequent to the trial court's decision, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. Therein, the Ohio Supreme Court limited application ofScott-Pontzer to corporate employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed.
{¶ 10} Because Mr. Hines was not in the course and scope of his employment with the Kroger Company at the time of the accident, we find he was not an insured under appellee's policy pursuant to Galatis. See also, In re: Uninsured Underinsured Motorist Coverage Cases,100 Ohio St.3d 302, 2003-Ohio-5888. Accordingly, we overrule appellant's second assignment of error.
 I
{¶ 11} Based upon our resolution of appellant's second assignment of error, we overrule appellant's first assignment of error as moot.
{¶ 12} The judgment of the Perry County Court of Common Pleas is affirmed.
Hoffman, P.J., Wise, J. and Boggins, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the April 10, 2003 Entry of the Perry County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] TIG Insurance Company is not a party to this appeal.